**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 2060**<br>**NEWARK, NJ 07101**<br>**973-297-4903** |

April 2, 2012

Steven Kraus, Esq.
The Law Offices of Steven G. Kraus
122 Mount Bethel Road
Warren, NJ 07059

Scott Lazar, Esq.
Barrett, Lazar, LLC
145 W. Passaic Street
Maywood, NJ 07607

**REPORT & RECOMMENDATION**

    **Re:**    **Encompass Insurance Co. of New Jersey v. Swift Transportation Co., et al.**
            **Civil Action No. 11-1205 (SDW)**

Dear Counsel:

      Before me is the motion of plaintiff Encompass Insurance Company of New Jersey ("Encompass" or "plaintiff")) to remand this action to the Superior Court of New Jersey, Law Division, Middlesex County, for lack of diversity jurisdiction. (Dkt. No. 18). Defendant Swift Transportation Company of Arizona LLC ("Swift" or "defendant") opposes the motion. District Judge Wigenton referred the motion to me for Report and Recommendation.

      This Court held oral argument on February 29, 2012, and the Court reserved ruling from the bench. This written opinion supplements the transcript of the February 29, 2012, hearing, pursuant to LOCAL CIVIL RULE 52.1. Having considered the parties' submissions, for good cause shown, and for the reasons set forth on the record and herein, this Court recommends that plaintiff Encompass's motion to remand be **GRANTED**.

**I.**    **BACKGROUND**

      This suit arises out of an automobile accident that occurred on November 7, 2009 in New Jersey. A tractor trailer owned by Swift collided with an automobile driven by Tung Nguyen ("Nguyen") with My Nhiem Le ("Le") as a passenger. Nguyen and Le suffered personal injuries as a result of the collision and applied for Personal Injury Protection ("PIP") benefits from Encompass. On January 24, 2011, Nguyen and Le filed a personal injury suit against Swift in

Superior Court Hudson County ("the Nguyen Action"). On March 3, 2011, Swift removed the Nguyen Action to this Court based on diversity jurisdiction.

On August 23, 2011, Encompass filed the instant suit against Swift in the Superior Court of New Jersey, Law Division of Middlesex County. In its Complaint Encompass seeks reimbursement from Swift for PIP medical benefits paid to Nguyen and Le as well as the costs of processing those benefit claims and enforcing Encompass's rights during PIP arbitrations over the disputed benefits. In a pre-suit demand letter, Encompass asserted that it had paid $38,588.90 in PIP benefits as of August 5, 2011.

On September 28, 2011, Swift removed this action pursuant to 28 U.S.C. § 1332. The diversity of the parties is undisputed. Encompass is a New Jersey insurance company with its principal place of business in Middlesex County, New Jersey. Swift is an Arizona corporation with its principal place of business in Phoenix, Arizona. In its removal petition, Swift asserts "upon information and belief" that the damages incurred by Encompass exceeded $75,000, and thus Swift has satisfied the jurisdictional amount. (See Notice of Removal ¶ 6).[1]

On November 7, 2011, Encompass served Fed. R. Civ. P. 26 Disclosures on Swift, stating that it had paid PIP benefits totaling $39,868.06. Thereafter, Encompass advised that PIP expenditures had increased to $45,961.61.

On December 20, 2011, counsel for both parties participated in a settlement conference. At the time of the settlement conference, the amount in controversy remained below the $75,000 jurisdictional amount. Yet, plaintiff's counsel verbally represented that Encompass is seeking further damages in the form of reimbursement for additional PIP medical bills incurred by Nguyen and/or Le for their continuing medical treatment, since the filing of the lawsuit. Significantly, Encompass disputes the medical necessity of this additional medical treatment, and thus, is challenging these PIP medical bills in arbitrations that are scheduled for later this year.[2]

## II.    MOTION TO REMAND

On January 1, 2012, Encompass filed the instant remand motion asserting lack of subject matter jurisdiction. The thrust of plaintiff's motion to remand is based on the alleged failure of Swift to satisfy the $75,000 statutory minimum amount in controversy requirement.

---

[1] On October 27, 2011, the Court issued an order consolidating the Nguyen Action with the instant Encompass Action. After Le and Nguyen settled their claims, on November 28, 2011 and on January 9, 2012, Judge Wigenton issued Stipulations and Orders of Dismissal with prejudice as to Nguyen's and Le's claims, respectively, against Swift.

[2] The parties dispute the amount of additional PIP medical bills at issue. While Swift contends that Encompass is seeking an additional $50,000, Encompass asserts that $50,000 is the maximum amount that it could possibly seek in the future.

2

According to Encompass, at the time of removal and presently, the amount of controversy does not exceed $75,000. Encompass contends that at the time of removal, it had incurred $39,868.06 in damages, seeking reimbursement of PIP medical payments and the cost of processing claim benefits. Encompass acknowledges that the amount of PIP payments has since increased to $46,361.61.[3] Encompass further admits that this amount could possibly increase in the future because it is challenging the additional PIP medical bills which are the subject of the scheduled arbitrations. Yet, Encompass has not yet incurred these charges for the additional PIP benefits. As such, according to Encompass, no possible future outlays (i.e., additional PIP payments) can be considered when determining the statutory amount in controversy requirement. Thus, as Swift has not met its burden to show by a preponderance of the evidence that the amount of damages exceeds $75,000, remand is warranted.

In opposition, Swift relies exclusively on plaintiff's counsel's recent representation that Encompass is seeking not only the $46,361.61 in damages but an additional $50,000 in reimbursement for more medical charges. According to Swift, if Encompass now seeks approximately $96,000 in reimbursement for all of the medical bills, both paid and/or contested, the amount in controversy clearly exceeds the $75,000 statutory requirement, and is beyond mere speculation. Thus, defendant submits the case was properly removed.

### III. ANALYSIS

In a diversity action, a district court has subject matter jurisdiction over state law claims, pursuant to 28 U.S.C. § 1332, if each of the plaintiffs is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000. See Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d. Cir. 2002). A claim brought in state court may be removed to federal court under 28 U.S.C. § 1441.

A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that federal subject matter jurisdiction exists and removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)). Thus, in opposing a motion to remand based on lack of subject matter jurisdiction, the removing party, here defendant, bears this burden. To satisfy its burden, "a removing party must provide more than mere speculation or tenuous inferences about the amount in controversy." Edington-Steward v.

---

[3] During oral argument on the remand motion, plaintiff's counsel represented that, since the filing of its motion, Encompass has paid an additional $400 in claim expenses. As such, the total amount in controversy is presently $46,361.61.

Walmart Corp., civ. no. 11-4686, 2011 U.S. Dist. LEXIS 91706, *4 (citing Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 198 (D.N.J. 2006)).

Here, there is no dispute that the parties are diverse. Encompass is a New Jersey corporation, while Swift is an Arizona corporation. Rather, Encompass contends that Swift has not met its burden of proving that plaintiff's losses exceed $75,000. The appropriateness of defendant's removal and the heart of plaintiff's remand motion turns on whether the amount in controversy analysis should properly include possible future outlays, in this case additional PIP medical payments, or whether such damages are too speculative.

Where, as here, jurisdictional facts are disputed, a court must inquire whether "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). The Complaint does not specify the amount of damages sought by Encompass. Rather, at the time of removal, Encompass's Complaint stated that "[p]ursuant to N.J.S.A. 39:6A-9.1, defendant [Swift] is a tortfeasor responsible for payment to plaintiff of the amount of its PIP benefits payments plus claims expenses, attorney's fees, interest and costs of suit." (Compl., at ¶ 11).

When a plaintiff does not limit its request for damages in the complaint to an exact monetary amount, the Court must independently review the value of each legal claim to determine whether they satisfy the amount in controversy requirement independent of one another. Dovale v. Marketsource, Inc. civ. no. 05-2872 (FLW) (D.N.J. Oct. 7, 2005) (citing Ciancaglione v. Sutherlin, 2004 WL 2040342, *2 (E.D. Pa. Sept. 14, 2004)). As noted earlier, Swift points to Encompass's counsel's prior verbal demand for reimbursement for additional PIP medical bills contested, but not yet accrued, that are estimated to be $50,000 (in addition to the $46,000 already incurred). Thus, according to Swift, plaintiff's claims have potential value to exceed $75,000.

This Court disagrees. Indeed, having been faced with this issue, other judges in this District have determined that it is inappropriate to consider future PIP payments in calculating the amount in controversy. Russ v. Unum Life Ins. Co., 442 F. Supp.2d 193, 197 (D.N.J. 2006). As a general rule, "when calculating the amount in controversy, the District Court will only consider the amount of damages that have accrued up until the point that the case was filed." Id. at 197 (citing Gray v. Occidental Life Ins. Co. of Calif., 387 F.2d 935, 936 (3d Cir. 1968)) (per curiam) (relying only on payments that had been accrued at the time of filing to determine the amount in controversy). See Unitrin Auto And Home Ins. Co. v. Gitter, Civ. No. 06-6035, 2007 WL 2705158, at * 3 (D.N.J. Sept. 13, 2007) (noting that "federal courts generally do not consider possible future outlays when calculating the amount-in-controversy for claims seeking monetary damages.").

There is no dispute that Encompass has incurred $46,361.61 in damages based on PIP

medical payments. However, as Encompass emphasizes, it is challenging additional outstanding medical bills in upcoming PIP arbitrations, and thus, it has not yet incurred any charges for such medical expenses. Whether plaintiff will be able to pursue reimbursement for such challenged medical bills is at best speculative pending resolution through the PIP arbitration process. Indeed, Encompass challenges the additional medical treatment received by Nguyen and Le as unnecessary and improper. If Encompass successfully challenges these bills at PIP arbitration, Encompass will not have to reimburse Nguyen and Le's health care providers for the medical treatment received. Encompass would not and cannot seek reimbursement for any such additional medical bills in the instant action. As such, at the time of removal, and through the present, Encompass is entitled to damages that are far below the $75,000 threshold. Accordingly, this Court finds that Swift has not satisfied its burden by a preponderance of the evidence, and thus removal was not proper.

**IV.     CONCLUSION**

Based on the foregoing reasons, this Court finds that the District Court does not have subject matter jurisdiction under 28 U.S.C. § 1332. Therefore, I respectfully recommend that Encompass' motion for remand be **GRANTED**.

The parties have fourteen (14) days from receipt hereof to file and serve objections.

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc:     Clerk
        Hon. Susan D. Wigenton, U.S.D.J.
        All Parties
        File